```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NOAH BANK,                                      :      Case No. 1:18-cv-9689
                                                :
                                                :      COMPLAINT
v.                                              :
                                                :
FIRST AVE LEE'S MARKET INC. ,                   :
And BUM TAK LEE,                                :
                                                :
             DEFENDANTS.                        :
                                                :
------------------------------------------------------X
```

The plaintiff Noah Bank, by its attorneys, The Basil Law Group, P.C., alleges for its complaint against Defendants First Ave Lee's Market Inc. and Bum Tak Lee as follows:

## PARTIES

1. Plaintiff Noah Bank is a Pennsylvania banking corporation with its home office located at 7301 Old York Road, Elkins Park, Pennsylvania. Its principal place of business is located at 2337 Lemoine Avenue, Fort Lee, New Jersey.

2. Defendant First Ave Lee's Market Inc. ("First Ave") is a New York corporation with its principal place of business at 1797 First Avenue, New York, New York 10128.

3. Defendant Bum Tak Lee ("Lee") is a resident of the State of New York, residing at 330 East 93rd Street, #2A, New York, New York 10128.

4. First Ave has been since September 30, 2013, the obligor on two promissory notes made to Noah Bank as oblige, as set out in detail below.

5. On or about September 30, 2013, Noah Bank made Small Business Administration Guaranteed Loan to First Ave ("SBA Loan") in the amount of $1,050,000 and, as a result, First Ave executed a promissory note ("SBA Note").

6. On or about February 28, 2017, Noah Bank also made a Commercial Term Loan to First Ave

("CT Loan") in the amount of $300,000 and, as a result, First Ave executed a Commercial Term promissory note ("CT Note").

7. First Ave has defaulted on its obligations under both the SBA Note and the CT Note, and the amount due to Noah Bank currently totals $1,114,486.21, not including costs of collection.

8. Lee is named as a defendant in his role as an unconditional guarantor of the debts referred to in this Complaint.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because all Plaintiffs are citizens of different states from all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs in satisfaction of the requirements of 28 U.S.C. § 1332(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District and because Defendant's principal place of business is within this District.

## FACTS

### The SBA Loan

11. On or about September 30, 2013, Noah Bank made the SBA Loan to First Ave in the amount of $1,050,000 and First Ave executed the SBA Note, (a copy of which is annexed hereto as **Exhibit A**) providing among other things:

    (a)    that interest would accrue on the outstanding principal balance of the Loan at an initial rate of 6.00% per year, to be adjusted thereafter as set forth in the Note;

    (b)    That First Ave was to make monthly payments to Noah Bank in the amount of $11,657.15 beginning on Nov. 1, 2013 for a period of 10 years;

(c) That Noah Bank would be entitled to charge a late fee equal to 5.00% of the unpaid portion of the regularly scheduled payment if any monthly payment were 10 days or more overdue;

(d) That First Ave would be in default if it failed to meet any of its obligations as set forth in the Note;

(e) That in the event First Ave were in default of its obligations under the Note, Noah Bank had the right to require immediate payment of all amounts owing (*i.e.* acceleration) under the Note and to file suit and obtain judgment with respect thereto; and

(f) That First Ave would be liable for costs incurred by Noah Bank in its efforts to enforce the terms of the Note and/or collect amounts due thereunder, including an attorneys' fees and costs and expenses incurred by Noah Bank in the enforcement of any obligation under the SBA Note.

12. As further security for the repayment of the indebtedness evidenced by the SBA Note, First Ave executed a Security Agreement under which it pledged all of its personal property to Noah Bank and gave Noah Bank the right to take possession of same in the event of default, and under which Noah Bank filed a UCC-1 Financing Statement with the appropriate office in the State of New York. (see copy of First Ave's Security Agreement annexed hereto as **Exhibit B**).

13. On or about September 30, 2013, to induce Noah Bank to extend the SBA Loan to First Ave, Lee personally and unconditionally guaranteed payment of all amounts due under the SBA Note (*see* copy of Lee's Unconditional Guarantee annexed hereto as **Exhibit C**).

14. In reliance on the Security Agreement and Guarantee given by First Ave and Lee, Noah Bank extended the aforementioned SBA Loan to First Ave, as evidenced by the SBA Note.

15. As of Aug. 1, 2017, First Ave has failed to comply with the terms and conditions of the SBA Note by, *inter alia,* failing to make the scheduled payment to Noah Bank, and is accordingly in default.

16. Noah Bank, on April 19, 2018, made a demand on First Ave and Lee for payment of all amounts outstanding under the SBA Note, but no payment has been made.

17. To date, First Ave has not made any payment to Noah Bank of the amount due stated above, or otherwise cured any default. Accordingly, Noah Bank has elected to call due the entire amount due under the Note.

18. As of October 19, 2018, First Ave was indebted to Noah Bank for the SBA Loan, pursuant to the SBA Note, in the amount of $808,322.49, representing $731,048.38 in principal, $68,157.62 in interest, and $9,116.49 in late fees, plus costs and attorney's fees incurred by Noah Bank as a result of these defaults, which are now due and owing and will continue to accrue until full payment is received by Noah Bank.

**The Commercial Term Loan**

19. On or about February 28, 2017, Noah Bank made a Commercial Term Loan to First Ave ("CT Loan") in the amount of $300,000 and First Ave executed the CT Note, (a copy of which is annexed hereto as **Exhibit D**) providing among other things:

    (a) that interest would accrue on the outstanding principal balance of the CT Loan at an initial rate of 6.25% per year, to be adjusted thereafter as set forth in the CT Note;

    (b) That First Ave was to make monthly payments to Noah Bank in the amount of $3,385.62 beginning on April 5, 2017 for a period of 59 months and one last payment estimated at $117,049.95 due on March 5, 2022;

    (c) That Noah Bank would be entitled to charge a late fee equal to 5.00% of the unpaid portion of the regularly scheduled payment if any monthly payment were 11 days or more overdue;

    (d) That First Ave would be in default if it failed to meet any of its obligations as set forth in the CT Note;

    (e) That in the event First Ave were in default of its obligations under the CT Note, Noah Bank had the right to require immediate payment of all amounts owing (*i.e.* acceleration) under the CT Note and to file suit and obtain judgment with respect thereto; and

    (f) That First Ave would be liable for costs incurred by Noah Bank in its efforts to enforce the terms of the CT Note and/or collect amounts due thereunder, including an attorneys' fees and costs and expenses incurred by Noah Bank in the enforcement of any obligation under the CT Note.

20. As further security for the repayment of the indebtedness evidenced by the CT Note, First Ave executed a Security Agreement under which it pledged all of its personal property to Noah Bank and gave Noah Bank the right to take possession of same in the event of default, and under which Noah Bank filed a UCC-1 Financing Statement with the appropriate office in the State of New York. (see copy of First Ave's Security Agreement annexed hereto as **Exhibit E**).

21. On or about February 28, 2017, to induce Noah Bank to extend the CT Loan to First Ave, Lee personally and unconditionally guaranteed payment of all amounts due under the CT Note (*see* copy of Lee's Commercial Guarantee annexed hereto as **Exhibit F**).

22. In reliance on the Security Agreement and Guarantee given by First Ave and Lee, Noah Bank extended the aforementioned CT Loan to First Ave, as evidenced by the CT Note.

23. As of Dec. 5, 2017, First Ave has failed to comply with the terms and conditions of the CT Note by, *inter alia,* failing to make the scheduled payment to Noah Bank, and is accordingly in default.

24. Noah Bank, on April 19, 2018, made a demand on First Ave and Lee for payment of all amounts outstanding under the CT Note, but no payment has been made.

25. To date, First Ave has not made any payment to Noah Bank of the amount due stated above, or otherwise cured any default. Accordingly, Noah Bank has elected to call due the entire

amount due under the CT Note.

26. As of October 19, 2018, First Ave was indebted to Noah Bank for the CT Loan, pursuant to the CT Note, in the amount of in the amount of $306,163.72, representing $285,669.77 in principal, $19,631.49 in interest, and $862.46 in late fees, plus costs and attorney's fees incurred by Noah Bank as a result of these defaults, which are now due and owing and will continue to accrue until full payment is received by Noah Bank.

## Count One
## SBA Note Action (against First Ave)

27. Noah Bank repeats and reasserts all of the allegations in the preceding paragraphs as if set forth completely here.

28. Pursuant to the SBA Note, First Ave promised to pay Noah Bank all amounts due under the SBA Note, including all attorney fees and costs of collection incurred by Noah in connection with enforcement of the Note and/or collection of sums due thereunder.

29. Notwithstanding Noah Bank's demand following the default of First Ave under the SBA Note, defendant First Ave has failed to pay Noah Bank the outstanding sums due under the SBA Note, nor has any Guarantor made any payments to Noah Bank, nor have any credits or set-offs accrued to First Ave.

## Count Two
## Action for Accounts Stated on SBA Note

30. Noah Bank repeats and reasserts all of the allegations in this Complaint as if set forth completely here.

31. On or about September 30, 2013, pursuant to the SBA Note, as detailed above, Noah Bank loaned First Ave $1,050,000.00 at its request and upon its promise to repay the same, with interest.

32. First Ave defaulted as stated above.

33. Although payment of the balance owing has been duly demanded, no part thereof has been paid by First Ave or by any guarantor.

## Count Three
### Action on Guarantee of SBA Note (Against Lee)

34. Noah Bank repeats and restates each of the allegations in this Complaint as though more fully set forth herein.

35. To induce Noah Bank to extend the SBA Loan to First Ave, Lee executed and delivered a personal and unconditional guaranty to Noah Bank wherein he undertook to pay Noah Bank all sums that might become due to Noah Bank under the SBA Note.

36. In reliance upon this guarantee, Noah Bank extended the SBA Loan to First Ave, as evidenced by the SBA Note.

37. Noah Bank made demand on the guarantor, Lee, for payment of all amounts outstanding under the SBA Note, but no payment has been made.

## Count Four
### CT Note Action (against First Ave)

38. Noah Bank repeats and reasserts all of the allegations in the preceding paragraphs as if set forth completely here.

39. Pursuant to the CT Note, First Ave promised to pay Noah Bank all amounts due under the CT Note, including all attorney fees and costs of collection incurred by Noah in connection with enforcement of the Note and/or collection of sums due thereunder.

40. Notwithstanding Noah Bank's demand following the default of First Ave under the CT Note, defendant First Ave has failed to pay Noah Bank the outstanding sums due under the CT Note, nor has any Guarantor made any payments to Noah Bank, nor have any set-offs or credits accrued to First Ave.

## Count Five
## Action for Accounts Stated on CT Note

41. Noah Bank repeats and reasserts all of the allegations in this Complaint as if set forth completely here.

42. On or about February 28, 2017, pursuant to the CT Note, as detailed above, Noah Bank loaned First Ave $300,000.00 at its request and upon its promise to repay the same, with interest.

43. First Ave defaulted as stated above.

44. Although payment of the balance owing has been duly demanded, no part thereof has been paid by First Ave or by any guarantor.

## Count Six
## Action on Guarantee of CT Note (Against Lee)

45. Noah Bank repeats and restates each of the allegations in this Complaint as though more fully set forth herein.

46. To induce Noah Bank to extend the CT Loan to First Ave, Lee executed and delivered a personal and unconditional guaranty to Noah Bank wherein he undertook to pay Noah Bank all sums that might become due to Noah Bank under the CT Note.

47. In reliance upon this guarantee, Noah Bank extended the CT Loan to First Ave, as evidenced by the CT Note.

48. Noah Bank made demand on the guarantor, Lee, for payment of all amounts outstanding under the CT Note, but no payment has been made.

   WHEREFORE, the plaintiff, NOAH BANK, demands judgment against the defendants, First Ave and Lee, jointly and severally on Counts One, Two, Four and Five and against Lee on Counts Three and Six, as follows:

(a) accelerating all sums due to Noah Bank on the SBA Note by defendants;

(b) for the sum of $808,322.49, due for outstanding principal, interest, and late fees under the SBA Note as of the close of business October 19, 2018;

(c) for accrued interest under the SBA Note, and/or prejudgment interest running from the date of this Complaint until the date of judgment in accordance with the Note;

(d) for late fees in accordance with the SBA Note;

(e) for attorneys' fees and all other costs of collection, to the fullest extent provided for by the SBA Note and applicable law;

(f) for costs of suit under the SBA Note;

(g) accelerating all sums due to Noah Bank on the CT Note by defendants;

(h) for the sum of $306,163.72, due for outstanding principal, interest, and late fees under the CT Note as of the close of business October 19, 2018;

(i) for accrued interest under the CT Note, and/or prejudgment interest running from the date of this Complaint until the date of judgment in accordance with the CT Note;

(j) for late fees in accordance with the CT Note;

(k) for attorneys' fees and all other costs of collection, to the fullest extent provided for by the CT Note and applicable law;

(l) for costs of suit;

(m) for a judgment ordering First Ave, and all parties in possession or control of the personal property, tangible or intangible belonging to First Ave, to convey promptly such property to the control of Noah Bank for appropriate disposal pursuant to the terms of the aforementioned Security Agreements and applicable law; and

(n) for such other relief as to this Court seems proper.

                                     The Basil Law Group, P.C.


                    By:    /s Robert J. Basil
                            ROBERT J. BASIL
                          1270 Broadway, Suite 305
                          New York, New York 10001
                          Telephone: (917) 512-3066
                          Email: robertjbasil@rjbasil.com

Dated: New York, New York
       October 22, 2018